UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:07-CR-485 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES HALL, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant's Motion for Sentencing Reduction under the First Step Act of 2018.  (ECF #38.)  Defendant filed a Supplemental Brief in Support (ECF # 39) and the Government has filed a Response in Opposition.  (ECF #42.)  The matter is now ripe for review.

### BACKGROUND FACTS

Defendant is serving concurrent 40-year and 20-year sentences after pleading guilty to three counts of Distribution of Cocaine Base ("crack") under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and two counts of Distribution of Cocaine Base under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  (ECF #24.)  Defendant's plea agreement included his admission to selling crack cocaine three times to Jeffrey Queen, an informant working for the Mahoning County Drug Task Force, in the fall of 2005.  (ECF #13.)  He also admitted to smuggling crack cocaine into the Trumbull County Correctional Institution and possessing crack cocaine with intent to distribute during a traffic stop in Youngstown, Ohio, both in 2007.  (*Id.*)  None of the charges included more than 28 grams of crack cocaine.

1

Defendant executed his plea agreement and changed his plea before the Court on November 7, 2007. After his change of plea, but prior to sentencing, Defendant was charged in state court with Aggravated Murder with a Firearm Specification and Repeat Violent Offender Specification for the death of the informant Jeffrey Queen, and Having Weapons While Under Disability. A jury found him guilty of both charges. On May 9, 2008, he was sentenced to a life sentence without parole for the aggravated Murder charge, a 3-year term to be served prior to and consecutive to the firearm specification, and a 5 year term to be served consecutive to the life sentence for Having Weapons While Under Disability. (ECF #16-2: Journal Entry of Sentence in State Case No. 07CR1528).

In its sentencing memorandum, the Government described the investigation of Defendant's murder of the informant, Jeffrey Queen, after a 2006 state court indictment for the crack cocaine sales that were bound over into the indictment in this case. (ECF #16.) It also cited Defendant's prior conviction for Manslaughter and Felonious Assault. (*Id.*) It also described Defendant's conversation with a cooperating witness in which Defendant was willing to engage in murder-for-hire. (*Id.*) In sum, at the time of sentencing, Defendant had shot and killed two individuals, severely wounded a third, and was considering murder-for-hire for the sum of $5,000. Defendant opposed this characterization of his actions and presented his arguments why there should not be an aggravated murder cross reference or upward adjustments in his drug trafficking sentence.

The Court was not persuaded. In August 2008, the Court initially applied a base offense level of 30.[1] (ECF #33.) In light of the facts surrounding Defendant's state murder conviction, the Court applied a cross-reference in USSG § 2D1.1 to enhance Defendant's offense level. (*Id.*)

---

[1] The Court applied the 2007 edition of the United States Sentencing Guidelines Manual to determine Defendant's advisory sentencing range.

2

USSG § 2D1.1(d)(1) requires that, "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111," then the offense level in USSG § 2A1.1 should be applied. Under § 2A1.1(a), the offense level for first degree murder is 43. With this enhancement and a three-point deduction for Defendant's acceptance of responsibility, Defendant's offense level was 40 and his criminal history category was set at V. (*Id.*) The Court determined that Defendant's advisory sentencing range under the guidelines was between 360 months and life. (*Id.*)

The Court sentenced Defendant to 480 months for three counts and 240 months for two counts, to be served concurrently. (ECF # 24.) Defendant appealed his sentence to the Sixth Circuit, which affirmed the judgment, including the Court's reliance on upon the murder cross-reference base offense level in § 2A1.1(a) to determine Defendant's appropriate sentence. *United States v. Hall,* 632 F.3d 331, 335 (6th Cir. 2011).

## LAW AND ARGUMENT

Defendant has moved for a sentence reduction based on provisions of the First Step Act. The Fair Sentencing Act of 2010 "legislatively modified the statutory range for crack cocaine convictions" increasing "the quantity of crack cocaine required to trigger a mandatory minimum sentence from 5 grams to 28 grams." *United States v. Beamus,* 943 F.3d 789, 791 (6th Cir. 2019). When it was passed, the Fair Sentencing Act did not apply retroactively. *See United States v. Blewett,* 746 F.3d 647, 650 (6th Cir. 2013) (en banc). However, the First Step Act made the sentencing provisions retroactive in 2018. *Beamus,* 943 F.3d at 791.

The Government concedes "[Defendant] is technically eligible for a sentence reduction under the Fair Sentencing Act of 2010 ("Fair Sentencing Act") because each offense charged involved less than 28 grams of cocaine base ("crack cocaine")." (ECF #42.) The Government

3

opposes Defendant's request on the basis that "public safety militates against a reduction because of [Defendant's] history of violent conduct, which includes killing two individuals, severely wounding a third, and negotiating a contract to kill another person." (*Id.*)

"While a defendant may be eligible for relief under the First Step Act, this does not mean that he is entitled to it.  In fact, the act specifically says that '[n]othing in [section 404 of the First Step Act] shall be construed to require a court to reduce any sentence pursuant to this section.'" *United States v. Flowers,* 963 F.3d 492, 498 (6th Cir. 2020)).  Still, "like all sentences imposed by the district court," a First Step Act sentencing decision "must . . . be procedurally [and] substantively reasonable." *United States v. Boulding,* 960 F.3d 774, 783 (6th Cir. 2020).  "[A] sentence is procedurally reasonable where 'the trial court follows proper procedures and gives adequate consideration to [the § 3553(a)] factors.'" *United States v. Perez-Rodriguez,* 960 F.3d 748, 753 (6th Cir. 2020) (quoting *Holguin-Hernandez v. United States,* 140 S. Ct. 762, 766, 206 L. Ed. 2d 95 (2020)).  Under First Step Act review, the Court must conduct a "complete review of the resentencing motion on the merits" and "consider the guidelines and policy statements, along with the other [§] 3553(a) factors." *Boulding,* 960 F.3d at 784 (quoting *United States v. Allen,* 956 F.3d 355, 358 n.1 (6th Cir. 2020)).

In preparation for this review, the Court referred the matter to Pretrial/Probation for preparation of a Modified (updated) Presentence Investigation Report consistent with First Step Act sentencing guidelines.  (*See* Non-Document Order dated 5/31/22.)  After an objection period, the Final Presentence Report found that the mandatory minimum sentence no longer applied, Defendant's base offense level was 43 pursuant to the murder cross-reference, and Defendant had a category IV criminal history.  (ECF #44.)  It calculated a guideline term of imprisonment

4

of 1,200 months (the maximum 240-month sentence on each Count if run consecutively), citing USSG §5G1.2(d).  (*Id.*)

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the updated Presentence Investigation Report and has considered the current statutory range, the Guidelines range, the § 3553(a) factors and post-sentencing conduct reflected in the updated Report.  After consideration, the Court concludes that a sentence reduction is not appropriate in this case due to Defendant's lengthy history of gun violence, including two deaths, a Felonious Assault and willingness to engage in murder for hire.  At the time of Defendant's original sentencing, the Court reviewed the § 3553(a) factors and concluded Defendant was a "threat to society" based primarily on Defendant's callous disregard for human life.  Although the updated Presentence Investigation Report indicates Defendant has participated in a wide variety of programming opportunities during his incarceration, the Court finds those efforts, while commendable, do not outweigh Defendant's criminal history and the need for his sentence to promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from any further crimes.  Accordingly, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

                                                /s  Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

**Dated: July 28, 2023**